UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHERRY TENPENNY, | CASE NO. 1:14 MC 0005 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| INTERNAL REVENUE SERVICE, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

*Pro se* Plaintiff Sherry Tenpenny filed the above-captioned Petition for Declaratory Enforcement of Administrative Judgment against the Internal Revenue Service (I.R.S.) pursuant to 28 U.S.C. §§ 2201, 2461 & 2463. Ms. Tenpenny seeks a declaratory judgment that she is a "nontaxpayer." For the reasons set forth below, this action is dismissed.

*Background*

Ms. Tenpenny claims that the relevant facts in this case are not in dispute. This is presumably based on the fact that she only includes references to various "Notices for

Remedy and Demand" she mailed to the I.R.S. The Notices reflect her belief that the law does not require her to pay any taxes to the I.R.S. Therefore, all of the facts set forth in her complaint represent her efforts to advise the I.R.S. she has no intention of paying taxes because she does not believe she qualifies as a taxpayer.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); see *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Lack of Jurisdiction*

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir.1999) (courts must examine the basis for the exercise of federal

subject matter jurisdiction).  Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999).  A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

Without question, federal courts have authority to issue declaratory judgments. However, under the declaratory judgment statutes, it is essential that the facts involved present a justiciable controversy.  *See United States Nashville, C. & St. L. R. Co. v. Wallace*, 288 U.S. 249 (1933). Where a tax question is presented, however, the Declaratory Judgment Act explicitly states that its jurisdictional reach does not extend to "Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930)." 28 U.S.C. § 2201.

Ms. Tenpenny's complaint, which involves federal taxes, does not fall within any exception provided under section 2201.  Moreover, she is not entitled to seek relief under 28 U.S.C. §§2461 or 2463.  These statutes are only relevant "[w]henever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress." 28 U.S.C. § 2461.  There is simply no basis in law or fact for her to file this action against the I.R.S. under these provisions. Accordingly, summary dismissal of this case is warranted. *Denton v. Hernandez*, 504 U.S. 25 (1992)(dismissal appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ...".)

## Conclusion

Based on the foregoing, the petition is dismissed for lack of subject matter

jurisdiction.  The Court certifies that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

       /s/ Donald C. Nugent  6/26/14
    DONALD C. NUGENT
                         UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."